UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C. M. BUSTO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EVERYTHING, et al.,<br><br>　　　　　Defendants. | Case No.  21-cv-02837-VKD<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER FOR REASSIGNMENT TO DISTRICT JUDGE; REPORT AND RECOMMENDATION RE DISMISSAL**<br><br>Re: Dkt. Nos. 1, 2 |

　　　　Presently before the Court is Chad Michael Busto's application to proceed in forma pauperis ("IFP").  A court may authorize the commencement of a civil action IFP if the court is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1).  In evaluating an IFP application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous."  *Franklin v. Murphy*, 745 F.2d 1221, 1226–27 n.5 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).  A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

　　　　While Mr. Busto's IFP application indicates that he has "Infinite" income from every resource listed on the form, Mr. Busto also notes he possesses "An Infinite Amount of . . . Debt + Expenses."  Dkt. No. 2.  This Court grants Mr. Busto's IFP application, but that does not mean

that he may proceed with this action.  For the reasons discussed below, this Court recommends that Mr. Busto's complaint be dismissed.

Mr. Busto's complaint indicates that he seeks to sue "Everything, Existence, Reality, Life, The Universe, The Milky Way Galaxy, The Solar System, Planet Earth/United Nations, Interpol, America/Joe Biden + Kamala Harris, All States/Minnesota, F.B.I., Minnesota/Governor/State Troopers, Hennepin County Sheriff's Office, Minneapolis City Hall/Mayor, Minneapolis Police Dept., Every Tax Paying Citizen in America + People who were present at the scene!" for "Identity Fraud, "False Claims," "Predication upon Deception," "Misdemeanor Conspiracy to Commit Cover-up of the Murder of George Floyd by Reality."  Dkt. No. 1 at 1–2, ECF p.15.  The complaint asserts that the Minneapolis Chief of Police, the Minneapolis Police Department, the Minneapolis Mayor, all American taxpayers, and all of Congress and "Presidential things" are equally responsible for George Floyd's death.  *Id.* at ECF pp. 6–13.  Mr. Busto takes issue with the criminal justice system: "Because all of us are everything + everyone, every current conviction, unless it convicts all 331 million of us for what America does, we convict fraudulently, unlawfully + unconstitutionally.  Every inmate currently incarcerated is so under the guise of deception that they were only one human when they are all reality itself, and are all around and in us."  *Id.* at ECF p.10.

The complaint's rambling and disparate allegations do not state a legally coherent theory of liability.  Although Mr. Busto points out that the Southern District of Texas granted his IFP application in another action, *id.* at ECF p.13, that does not change this Court's conclusion that Mr. Busto's present complaint does not allege facts demonstrating that he has a cognizable claim for relief and that the complaint should be dismissed.  Absent consent, however, a magistrate judge has no authority to issue a dispositive order.  28 U.S.C. § 636; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017).  Ordinarily, the Court would recommend dismissal with leave to amend.  However, the allegations of the complaint demonstrate that this action is frivolous.  Therefore, this case shall be reassigned to a District Judge with the recommendation that the complaint be dismissed without leave to amend.

Mr. Busto may file an objection to this Report and Recommendation.  Fed. R. Civ. P. 72.

In view of the current COVID-19 public health emergency, this Court extends the deadline for submitting objections to **May 17, 2021**.

**IT IS SO ORDERED.**

Dated: April 26, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3